UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL J. VAN MILL and SHEILA L. VAN MILL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C03-2989RSM<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL |

This matter is before the Court on defendant's motion to compel production of documents, supplemental answers to interrogatories, and a physical examination by plaintiff. Defendant's motion is DENIED for the same reasons set forth in the Order denying plaintiff's motion to compel (Dkt. # 67). The Court finds that counsel's certificate of compliance fails to comply with the certification requirements of F.R.Civ. Proc. 37 (a)(2)(A) and Local Rule CR 37(a)(2)(A). Although counsel filed a supplemental certificate of compliance after the denial of plaintiff's motion to compel (Dkt. # 69), it fails to cure the defects. Local Rule CR 37(a)(2) requires a face-to-face meeting or a telephonic conference to constitute a good faith effort to meet and confer regarding discovery. Counsel has attached copies of letters and facsimile transmissions, dating back to April of 2004, amply documenting that a discovery dispute has

ORDER ON MOTION TO COMPEL - 1

1  been ongoing for the past year.  In many of these, the letter itself is designated as a "meet and confer,"
2  which does not meet the requirements of the local rule.  The Court declines to comb through the
3  submitted documents to find the simple statement required:   namely that on the date named, counsel
4  spoke directly to one another regarding the specific dispute which is addressed in the motion to compel,
5  and were unable to reach agreement.   <u>Prescient Partners, L.P., v. Fieldcrest Cannon, Inc.</u>, 1998 WL
6  67672 (S.D.N.Y. 1998); *citing* <u>Tri-Star Pictures, Inc., v. Unger</u>, 171 F.R.D. 94, 99 (S.D.N.Y. 1997);
7  <u>Shuffle Master, Inc., v. Progressive Games, Inc.</u>, 170 F.R.D. 166, 170 (D. Nev. 1996) (stating that the
8  certification must  "accurately and specifically convey to the court who, where, how, and when the
9  respective parties attempted to personally resolve the discovery dispute." )

10        Defendant's motion to compel (Dkt. # 43) is therefore DENIED, without prejudice to renewal as
11  a motion under the joint submission procedure set forth in Local Rule CR 37(a)(2)(B), **after** the parties
12  have conferred, face-to-face or by telephonic conference, in a good faith attempt to resolve each dispute
13  without Court intervention, as required.

15  DATED this    3    day of    May   , 2005.

        RICARDO S. MARTINEZ
        UNITED STATES DISTRICT JUDGE

28   ORDER ON MOTION TO COMPEL - 2