UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL J. VAN MILL and SHEILA L. VAN MILL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C03-2989RSM<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter is before the Court on plaintiff's timely motion for reconsideration of the Court's Order dated April 19, 2005, denying a motion to compel. The Court deems a response to this motion unnecessary. For the reasons set forth below, the motion for reconsideration (Dkt. # 70) is DENIED.

A motion for reconsideration is disfavored and will be denied in the absence of either "a showing of manifest error in the prior ruling," or "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Plaintiff has shown neither of these. Instead, plaintiff has filed nineteen additional documents (Dkt. ## 83-98 and 102-104), most of which constitute copies of letters and facsimile transmissions regarding the parties' discovery disputes. There is no showing as to why these could not have been brought to the Court's

ORDER ON MOTION FOR
RECONSIDERATION - 1

attention earlier.  Even if the Court were to overlook that failing, which it cannot, the Court would find that these submissions fail to correct the  deficiency in the original certificate of compliance.  In most of these documents, the letter itself is designated as a "meet and confer," which does not meet the requirement of the local rule that a good faith "meet and confer" be face-to-face or by telephone.  Local Rule CR 37(a)(2).   Neither do voice mail messages meet this requirement.

The Rule 37 certification requirement does not call for the filing of some sixty pages of copies of letters, but rather requires a simple verified statement of counsel:  namely that on the date named, counsel spoke directly to one another regarding the specific dispute which is addressed in the motion to compel, and were unable to reach agreement.   Prescient Partners, L.P., v. Fieldcrest Cannon, Inc., 1998 WL 67672 (S.D.N.Y. 1998); *citing* Tri-Star Pictures, Inc., v. Unger, 171 F.R.D. 94, 99 (S.D.N.Y. 1997); Shuffle Master, Inc., v. Progressive Games, Inc., 170 F.R.D. 166, 170 (D. Nev. 1996) (stating that the certification must  "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." )

While plaintiff's motion for reconsideration is denied, the Court does modify the original ruling on plaintiff's motion to compel to state that such denial is without prejudice to renewal as a motion under the joint submission procedure set forth in Local Rule CR 37(a)(2)(B), **after** the parties have conferred, face-to-face or by telephonic conference, in a good faith effort to resolve each dispute without Court intervention, as required.

DATED this   3    day of   May     , 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR RECONSIDERATION - 2